UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

| | |
|---|---|
| JOHN F. KENNEDY, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION No. 6:10-299-HRW |
| | ) |
| V. | ) |
| | ) **MEMORANDUM OPINION** |
| ERIC D. WILSON, *et al.*, | ) **AND ORDER** |
| | ) |
| Defendants. | ) |

\*\* \*\* \*\* \*\* \*\*

Plaintiff John F. Kennedy, confined in the United States Penitentiary-Canaan, located in Waymart, Pennsylvania, has filed a *pro se* civil rights complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1]

As Kennedy has been granted *in forma pauperis* status, [D. E. No. 14], and is asserting claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2)(B). Both of these sections require a district court to dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601,

---

[1] Kennedy's claims relate to events alleged to have occurred in 2009, when he was confined in the United States Penitentiary-McCreary("USP-McCreary"), located in Pine Knot, Kentucky.

607-8 (6th Cir. 1997).

For the reasons set forth below, the Court will dismiss the official-capacity constitutional claims asserted against the three named defendants; order those three defendants to respond the Eighth Amendment claims against them, in their individual capacities, alleging failure-to-protect and denial of medical treatment; direct Kennedy to identify and have served any "John Doe Defendants" within 120 days of this Order; and deny as moot Kennedy's motion to "enter into the record" documents already filed in the record which relate to the exhaustion of his administrative remedies.

## ALLEGATIONS OF THE COMPLAINT

Kennedy alleges that on May 27, 2009, a "snitch list" containing his name was circulated among USP-McCreary's prison population, and that at the direction of former Warden Eric Wilson and Special Investigative Services ("SIS") Officer Burchette, all inmates identified on the list were to be confined in administrative detention. When USP-McCreary Officer "P." Settles escorted him to Cell No. 114 of the segregated housing unit ("SHU"), a USP-McCreary inmate who will be referred to as "NM", told "staff" hat he would not share a cell with a "snitch," and that if Settles forced him to do so, he ("N.M.") would physically harm Kennedy.

Kennedy claims that despite "N.M."'s warnings, unidentified members of the USP-McCreary "staff" placed him in the cell with "N.M."; that on September 6,

2009, "N.M." physically assaulted him; that unidentified prison "staff" watched while "N.M." was beating him; and that in disregarding "prior verbal threats from "N.M.", unidentified members of the USP-McCreary "staff" failed to protect him from a known source of harm.

Kennedy alleges as a result of the assault by "N.M.," he sustained injuries to his head, eye and lip, and a broken finger. He also alleges hat he was denied him medical treatment for his injuries. Both of Kennedy's claims (failure to protect and the denial of medical treatment) fall under the Eighth Amendment of the United States Constitution, which prohibits cruel and unusual punishment.

Kennedy has administratively exhausted his Eighth Amendment claims alleging that the defendants failed to protect him from harm at the hands of "N.M." *See* D. E. No. 16-1, pp. 1-9.[2] Kennedy has submitted no documentation indicating that he administratively exhausted his Eighth Amendment claims alleging the denial of medical treatment.

---

2

Kennedy completed the Bureau of Prisons ("BOP") administrative exhaustion process on September 20, 2010. *See* D. E. No. 16-1, p. 3. Kennedy filed a motion to enter his BOP administrative remedy documentation into the record. *See* Motion, [D. E. No. 16]. As Kennedy's administrative remedy documentation is already part of the official Court record at D. E. No. 16-1, pp. 1-9, he does not need permission to enter the documents into the record. That motion will be denied as moot.

## DISCUSSION
### 1. Failure-to-Protect Claims
#### A. Official Capacity-Eighth Amendment claims

Kennedy has asserted Eighth Amendment claims against all of the individually named defendants in their official capacities. These allegations fail to state a claim upon which relief can be granted because "a *Bivens* claim may not be asserted against a federal officer in his official capacity." *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Terrell v. Brewer*, 935 F.2d 1015, 1018 (9th Cir. 1991). As a result, any claims for damages against the three named defendants in their official capacities are dismissed with prejudice.

#### B. Individual Capacity Eighth Amendment Claims

Kennedy's Eighth Amendment failure-to-protect claims against Wilson, Burchette, and Settles, in their individual capacities, may proceed. The Clerk of the Court shall issue summons for these three defendants, in their individual capacities, and the United States Marshals Service "USMS" will be ordered to effectuate serve them with process.

### 2. Denied Medical Treatment

Kennedy broadly alleged that he was denied medical treatment, but he did not identify who denied him medical treatment. He did not allege that the named defendants, none of whom he identified as being medical practitioners of any kind,

4

denied him medical treatment, nor he did name any prison medical official as a defendant. However, because of Kennedy's *pro se* status, and because he has named "John Doe Defendants," his Eighth Amendment medical claims may proceed.

Kennedy is advised that he must name any "John Doe Defendants," **and** have them served, within 120 days of this Order. Otherwise, his claims against the "John Doe Defendants" will be dismissed pursuant to Federal Rule of Civil Procedure 4(m).

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff John F. Kennedy's "Motion to Enter Evidence (concerning his administrative exhaustion) into the Record," [D. E. No. 16], is **DENIED** as **MOOT**;

(2) All *official*-capacity constitutional claims which Kennedy has asserted against: (a) Defendant Officer Burchette, Special Investigative Agent, USP-McCreary, (b) Defendant Eric Wilson, former Warden of USP-McCreary, and (c) Defendant Officer "P." Settles, USP-McCreary, are **DISMISSED WITH PREJUDICE**, and the Clerk of the Court is directed to note the dismissal of the official capacity claims in the CM/ECF docket sheet.

(3) Kennedy's *individual*-capacity Eighth Amendment "failure-to-protect" and medical claims against: (a) Officer Burchette, Special Investigative Agent, USP-McCreary, (b) Eric Wilson, former Warden of USP-McCreary, and (c) Defendant

Officer "P." Settles, USP-McCreary, may proceed.

(4) The Clerk of the Court is directed to issue summons for Burchette, Wilson, and Settles, in their individual capacities.

(5). For each defendant to be served, the Clerk shall prepare the necessary number of "Service Packets" consisting of the following documents:

      a. Completed summons forms;

      b. Complaint [D. E. No. 2];

      c. Kennedy's Additional Filings, [D. E. Nos 16 and R. 16-1];

      d. This Order;

      e. Completed USM Forms 285.

If the Clerk is unable to accurately complete any of the documents described above, the Clerk shall set forth the reason in a docket entry.

(6). For each defendant to be served, the Clerk shall also prepare three (3) Service Packets to send to the USMS in Lexington, Kentucky, addressed as follows:

      a. to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

      b. to the Office of the Attorney General of the United States in Washington, D.C.; and

      c. for personal service at the BOP Central office in Washington, D.C.

(7). The London Clerk shall send to the USMS in Lexington, Kentucky, by certified mail, the required Service Packets for each defendant to be served. The Clerk shall enter the certified mail receipt into the record and note in the docket the date that the Service Packet was delivered to the USMS.

(8). For each defendant to be served, the USMS shall serve them by:

    a. Sending a Service Packet for Settles by certified or registered mail to the Civil Process Clerk at the Office of the United States Attorney for the Eastern District of Kentucky;

    b. Sending a Service Packet for Settles by certified or registered mail to the Office of the Attorney General of the United States in Washington, D.C.; and

    c. Personally serving a Service Packet upon Settles through arrangement with the Federal Bureau of Prisons.

The USMS is responsible for ensuring that each defendant to be served is successfully served with process. In the event that an attempt at service upon any defendant is unsuccessful, the USMS shall make further attempts and ascertain such information necessary to ensure successful service.

(9). Within 40 days of the date of entry of this Order, the USMS shall send a Service Report to the London Clerk's Office, which the Deputy Clerk shall file in the record, stating whether service on each defendant has been accomplished.

a. if any defendant is served by certified mail, the Service Report shall include:

1. a copy of the green card showing proof of service; or

2. a statement that the green card was not returned from the U.S. Postmaster, along with a "Track-and-Confirm" report from the U.S. Postal Service showing that a proof of delivery does not exist.

b. if any defendant is personally served, the Service Report shall indicate:

1. that he was successfully served personally and when, or

2. a statement explaining what efforts are being taken to locate Settles and accomplish personal service.

(10) Kennedy must name, **and** have served, any and all USP-McCreary "John Doe Defendants" within 120 days of the date of entry of this Order. Otherwise, any claims against the "John Doe Defendants" will be dismissed. *See* FED R. CIV. P 4(m).

(11). Kennedy shall immediately advise the London Clerk's Office of any change in his mailing address. Failure to do so may result in dismissal of this case.

(12). Kennedy must communicate with the Court solely through notices or motions filed with the London Clerk's Office. The Court will disregard correspondence sent directly to the Judge's chambers.

(13). For every further pleading or other document Kennedy wishes to submit to the Court, he shall serve upon each defendant, or, if appearance has been entered by counsel, upon each attorney, a copy of the pleading or other document. Kennedy shall send the original papers to be filed with the Clerk of the Court together with a certificate stating the date a true and correct copy of the document was mailed to each defendant or counsel. **If a District Judge or Magistrate Judge receives any document which has not been filed with the Clerk, or which has been filed but fails to include the certificate of service of copies, he or she may disregard the document.**

This 17th day of October, 2011.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge