UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JOHN F. KENNEDY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:10-CV-299-HRW-REW |
| | ) | |
| v. | ) | |
| | ) | RECOMMENDED DISPOSITION[1] |
| PHILLIP SETTLES, | ) | |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

The Court considers *pro se*[2] Plaintiff's motions for judgment on the pleadings or, alternatively, for summary judgment, on the sole remaining claim, an allegation of Eighth Amendment deliberate indifference. DE ##76, 86 (Motions).[3] In support of the (identical) motions, Plaintiff submitted (identical) documents titled "Pro Se Judicial Notice of Adjudicative Facts." DE ##74, 84. The sole remaining Defendant, Phillip Settles, responded in opposition to both motions. DE ##80, 88 (Responses). Plaintiff replied, indicating that he intends to pursue settlement and generally complaining about Defendant's discovery responses. DE #93 (Reply).

The Court **RECOMMENDS** that the District Judge **CONVERT** Plaintiff's motion for judgment on the pleadings to a motion for summary judgment and then **DENY** Plaintiff's motion

---

[1] The Court issues this Recommended Disposition pursuant to the District Judge's referral for findings of fact and recommendations on dispositive motions. DE #72 (Opinion and Order) at 26.

[2] The Court evaluates a complaint by a *pro se* plaintiff under a more lenient standard. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999) ("Pro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings.").

[3] The motions are identical in content and relief requested.

1

for summary judgment (DE ##76, 86). Judgment as a matter of law is not, on this record, appropriate.

I.      **Relevant Factual and Procedural Background[4]**

Kennedy, an inmate currently housed at United States Penitentiary (USP) Canaan, originally sought civil rights relief under *Bivens* pursuant to 28 U.S.C. § 1331. DE #2 (Complaint).[5] Judge Wilhoit later permitted him to amend the complaint to add two individuals. DE #25 (Order). Now, following resolution of two dispositive defense motions, only one Defendant, Phillip Settles, Jr., and one claim, an Eighth Amendment claim for failure to protect, remain. DE #72 (Opinion and Order) at 26.

Generally, and per the facts set forth by Judge Wilhoit, Kennedy alleges that, while confined at USP McCreary in 2009, a list of alleged government informants or "snitches," which included Kennedy's name, circulated among inmates at the institution. *Id.* at 2. Prison officials ordered that all individuals identified on the list be placed in the Special Housing Unit (SHU) for protective purposes. Settles, accompanied by other officers (and former Defendants), escorted Kennedy to the SHU on September 6, 2009. Kennedy alleges that before officers placed him in Cell #114, inmate Nathan Mott, already in the cell, "announced that Kennedy was a 'snitch' and that he would hurt Kennedy if Kennedy was placed in a cell with him." *Id.* at 3. Kennedy asserts that USP McCreary staff placed him in the cell, despite knowledge of the potential danger, and

---

[4] Under the relevant standard, the Court discusses the facts in favor of Defendant Settles, the non-movant. *Matsushita Elec. Co., Ltd. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986) ("[O]n summary judgment the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.") (citation and internal quotation marks omitted).
[5] In his most recent Memorandum Opinion and Order, District Judge Wilhoit thoroughly set out this action's procedural history, s*ee* DE #72 (Order and Opinion) at 2-4, and the Court does not

that Mott assaulted him, causing head and eye injuries, a fractured finger, and an injured lip. Specifically, Kennedy alleges that Settles "ignored a known threat from another inmate, failed to protect him from physical assault by that inmate, and thereby demonstrated deliberate indifference to his safety in violation of his [Eighth Amendment] rights[.]" *Id.*

Kennedy now moves for judgment on the pleadings or, alternatively, for summary judgment. DE ##76, 86 (Motions). In support of the relief requests, Kennedy filed identical documents entitled "Judicial Notice of Adjudicative Facts [Rule of Evidence – Rule 201] Title 28 U.S.C.A." DE ##74, 84 (Notices). Per Movant, the documents and record entitle him to relief on the sole remaining claim against Settles. Defendant responded in opposition to both motions. DE ##80, 88 (Responses). Per Settles, the same factual dispute that prevented the Court from granting Settles's earlier dispositive motion is likewise fatal to Kennedy's motions. *Id.* The matter is ripe for consideration.

## II.  Standards of Review

Federal Rule of Civil Procure 12(c) permits a party to file for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c). "'For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment.'" *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir. 2008) (quoting *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007)). Accordingly, a court may only grant the motion when "'no material issue of fact exists and the party making the motion is entitled to judgment as a matter

---

recount the entire chronology.

of law.'" *Id.* (quoting *JPMorgan Chase Bank, N.A.,* 510 F.3d at 582).

Courts may not consider "matters outside of the pleadings" when evaluating Rule a 12(c) motion. Fed. R. Civ. P. 12(d). "If . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Id.* Additionally, a court must permit the parties "a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Correspondingly, pursuant to Federal Rule of Civil Procedure 56, a court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A reviewing court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co.*, 106 S. Ct. at 1356; *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). Additionally, the court may not "weigh the evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

The burden of establishing the absence of a genuine dispute of material fact initially rests with the moving party. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986) (requiring the moving moving party to set forth "the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' any,' which it believes demonstrate an absence of a genuine issue of material fact"); *Lindsay*, 578 at 578 at 414 ("The party moving for summary judgment bears the initial burden of showing that there there is no material issue in dispute."). If the moving party meets its burden, the burden then shifts to shifts to the nonmoving party to produce "specific facts" showing a "genuine issue" for trial. *Celotex*

4

*Celotex Corp.*, 106. S. Ct. at 2253; *Bass v. Robinson*, 167 F.3d 1041, 1044 (6th Cir. 1999). However, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and and on which that party will bear the burden of proof at trial." *Celotex Corp.* at 106 S. Ct. at 2552. If 2552. If the movant bears the burden of persuasion at trial, "that party must support its motion with with credible evidence—using any of the materials specified in Rule 56(c)—that would entitle it to a to a directed verdict if not controverted at trial." *Id.* at 2556 (citation omitted) (Brennan, J., dissenting); *see also Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002) (noting that, when the movant also bears the burden of persuasion at trial, the moving party's initial summary judgment burden is "higher in that it must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve disbelieve it") (citation and internal quotation marks omitted).

A fact is "material" if the underlying substantive law identifies the fact as an essential element. *Anderson*, 106 S. Ct. at 2510. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 2511; *Matsushita Elec. Indus. Co.*, 106 S. Ct. at 1356 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (citation omitted). Such evidence must be suitable for admission into evidence at trial. *Salt Lick Bancorp. v. FDIC*, 187 F. App'x 428, 444-45 (6th Cir. 2006).

**III. Analysis**

   *A. The District Judge should convert Kennedy's motion for judgment on the pleadings to a motion for summary judgment.*[6]

Kennedy primarily seeks judgment on the pleadings. DE ##76, 86 (Motions). Here, the pleadings have closed and the motion is timely. Kennedy does, however, submit extraneous documents not contained or referenced in the pleadings, *i.e.,* the "Notice of Adjudicative Facts." DE ##74, 84 (Notices). These documents contain factual allegations not contained within the pleadings. Thus, under the applicable standard, the Court must either reject the evidence or treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 7 (defining pleadings as "(1) complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-third-party complaint; and (7) if the court orders one, a reply to an answer"); *id.* R. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *see also Max Arnold & Sons, LLC v. W..L. Hailey & Co., Inc.*, 452 F.3d 494 (6th Cir. 2006) ("Because Plaintiff presented matters outside the pleadings with respect to Defendant's 12(c) motion, and because the district court did not exclude these matters, the district court should have converted the Rule 12(c) motion to a motion for summary judgment."). Defendant also introduces extraneous evidence, *i.e.,* the various officer declarations cited in response and of record. Settles alleges that Plaintiff's factual allegations "directly contradict the declaration of Settles and two other prison guards, David Schlosser and Dustin Thompson." DE ##80, 88

---

[6] The Court makes this procedural recommendation but notes that, as a practical matter, Kennedy already alternatively seeks summary judgment relief. DE #86. Thus, the Court's

(Responses) at 2. Per Defendant, all three guards (Settles, Schlosser, and Thompson) deny hearing Mott or any other inmate raise an objection to guards placing Kennedy in the cell or otherwise threatening Plaintiff. *Id.* Defendant also alleges that Lieutenant Wayne Foster, an investigator in the matter, characterized the dispute as one related to property. *Id.* Like Kennedy's "Notices," the referenced affidavits fall outside the pleadings.

Generally, a court should not convert a Rule 12 motion to a motion for summary judgment "without sufficient notice to the opposing party to respond." *Tufano v. One Toms Point Lane Corp.*, 64 F. Supp. 2d 119, 123-24 (E.D.N.Y. 1999) (discussing converting a motion to dismiss to a motion for summary judgment) (citing *Groden v. Random House, Inc.,* 61 F.3d 1045, 1052 (2d Cir. 1995)). Here, however, both parties have submitted materials beyond the pleadings, and Kennedy expressly seeks the alternate relief of summary judgment. The parties thus should not be surprised by conversion of the motion. *See Song v. City of Elyria, Ohio*, 985 F.2d 840, 842 (6th Cir. 1993) ("[A] party cannot raise for the first time on appeal an argument that she was surprised by the conversion of the motion to dismiss into a motion for summary judgment when the party was aware that materials outside the pleading had been submitted to the court before the court granted the motion."); *see also Smith v. The Cheesecake Factory Rests., Inc.,* No. 3:06-00829, 2010 WL 441562, at *3-*4 (W.D. Tenn. Feb. 4, 2010). Additionally, the Court notes that Judge Wilhoit, in previously addressing global dispositive defensive motions, including motions related to Settles, converted various motions to dismiss to motions for summary judgment. *See* DE #72 (Opinion and Order) at 10, 21. As the motions and the responses both rely on materials outside the pleadings, conversion is, on this record, practically

---

recommendation in this regard is largely procedural and does not impact the substantive analysis.

7

and substantively appropriate.

   B.   *The District Judge should deny Kennedy's motion for summary judgment. Genuine disputes of material fact preclude judgment as a matter of law.*

Kennedy also moves for summary judgment, alleging that the facts contained in the "Notice of Adjudicative Facts" are "accurate and ready for determination by resort to sources whose accuracy cannot reasonably be questioned." DE ##76, 86 (Motions); 74, 84 (Notices). In response, Defendant alleges that "the same fact disputes that prevented Settles' dispositive motion from being granted still exist." DE ##80, 88 (Responses) at 1, 2. The reply is non-substantive and does not further the analysis.

In response to the complaint and amended complaint, then-named Defendants (including Settles) moved to dismiss. DE #53 (Motion). Kennedy responded, and the defense group replied.[7] Judge Wilhoit granted the defensive motions with the lone exception of Kennedy's failure to protect claim against Settles. DE #72 (Order and Opinion) at 21. After reviewing the full record, including affidavits from Officers Settles, Schlosser, Thompson, and Foster, Judge Wilhoit found a factual dispute "as to whether Settles was aware of a potential threat to Kennedy's safety from Mott as he placed Kennedy in SHU Cell #114 on September 6, 2009." *Id.* at 24. As noted by the District Court, the trier of fact must resolve any such factual dispute. *Id.* (citations omitted).

Kennedy's Notices of Adjudicative Facts[8] allege that Settles knew that Mott, an inmate

---

[7] Defendant R.T. Lowry, M.D., moved to dismiss via separate motion. DE #56. Judge Wilhoit granted the motion and dismissed Kennedy's claims without prejudice after Kennedy admitted that he had failed to exhaust administrative remedies. DE #72 (Opinion and Order) at 10, 26.
[8] This is an unverified attempt, it seems, at securing judicial notice under Federal Rule of Evidence 201. The conflicting proof here makes the effort unavailing; the notice and other assertions are largely and reasonably disputed.

8

already housed in SHU Cell #114, "would **'not'** accept Kennedy into the cell." DE ##74, 84 (Notices). Settles, relying on various proof sources, disputes Kennedy's version of events, alleging that neither he nor fellow guards Schlosser and Thompson "had any reason to believe that Plaintiff would be assaulted when he was placed in the SHU cell with the other inmate on September 6, 2009." DE ##80, 88 (Responses) at 2 Settles additionally denies hearing Mott "voic[e] or otherwise communicat[e]any objections to Plaintiff being placed with him or mak[e] threats toward Plaintiff." *Id.*; *see also* DE ## 55-3 (Declaration of Settles) at 2, ¶ 3 ("I had no pre-existing knowledge of any danger to Plaintiff by placing him with the other inmate in SHU."); 55-6 (Declaration of Schlosser) at 2, ¶ 3 (denying pre-existing knowledge of danger to Kennedy by placing him in cell and denying that any staff member would have reason to believe that Kennedy would be assaulted upon placement in the SHU cell); 55-2, ¶ 3 (Declaration of Burchett) at 2 (same); 55-7 (Declaration of Thompson) at 2, ¶ 3 (same).

Kennedy filed the first motion less than a month after Judge Wilhoit denied Settles's dispositive motion. Neither the motions nor the notices apparently state any facts or allegations not previously considered by the District Judge.[9] Thus, the same factual dispute that was fatal to Defendant's motion for summary judgment precludes the relief sought here. Regardless of the primacy of Judge Wilhoit's ruling, the Court would nonetheless deny the motions on the current record. A genuine dispute of material fact exists regarding Settles's knowledge of the alleged threat.

To prevail on his claim, Kennedy "must show that he [wa]s incarcerated under conditions

---

[9] The notices may try to tell a new story based on certain oddities in the language. Paragraph 6 suggests a time lag – "After the third day together." Paragraph 8 suggests the assault happened after a return to the cell – "if placed in the cell again." The material is ambiguous and as

posing a substantial risk of serious harm," *Farmer v. Brennan*, 114 S. Ct. 1970, 1977 (1994), and that "prison officials subjectively knew of and disregarded that safety risk." *Zain v. Advance Health Care Provider*, No. 4:12-CV-P5-M, 2013 WL 5219054, at *2 (W.D. Ky. Sept. 16, 2013). A prison official's subjective knowledge "is a question of fact subject to demonstration in the usual ways, including inference from circumstantial evidence, and a fact finder may conclude that a prison official knew of a substantial risk of harm from the very fact that the risk was obvious." *Zain*, 2013 WL 5219054 (citing *Farmer*).

Kennedy asserts that Settles "knew" that Mott would not "accept Kennedy into the cell." DE ##74, 84 (Notices); *see also* DE #2 (Petition). Per Plaintiff, Settles had "ample time to separate inmates" after learning of Mott's alleged unwillingness to share a cell with Kennedy. DE ##74, 84 (Notices).

Settles denies that Mott verbally expressed any objection to Kennedy being placed in the cell or alleged any threat toward Kennedy. DE ##80, 88 (Responses) at 2; *see also* DE #55-3 (Declaration of Settles) at 2, ¶ 3. Senior Officer Specialist David Schlosser assisted Settles in transporting Mott and similarly denied that Mott announced any objection/threat to Kennedy. DE ##80, 88 (Responses) at 2; *see also* DE #55-6 (Declaration of Schlosser) at 2, ¶ 3. Officer Thompson also assisted in transporting Kennedy and did not recall Mott verbally threatening Kennedy. DE ##80, 88 (Responses) at 2; *see also* DE #55-7 (Declaration of Thompson) at 2, ¶ 3. All three men denied having "pre-existing knowledge of any danger to Plaintiff by placing him with [Mott]." DE #55-3 (Declaration of Settles) at 2, ¶ 3; DE #55-6 (Declaration of Schlosser) at 2, ¶ 3; DE #55-7 (Declaration of Thompson) at 2, ¶ 3. Lieutenant Foster

---

importantly unsworn. The factual dispute regarding notice persists.

investigated the altercation and interviewed both inmates. Per Foster, Kennedy indicated that the dispute was related to batteries; Mott allegedly stated: "[T]he dude is a rat and I'm not down with that. It is over and I'm not messing with him anymore." DE #55-4 (Declaration of Foster, Attachment A) at 4. Foster denied that either Kennedy or Mott "ever blame[d] the prison guards guards or other staff at USP McCreary for the fight." *Id.* (Declaration of Foster) at 3, ¶ 4.

On this record, and as Judge Wilhoit earlier observed, Officer Settles's knowledge is a fact question. Kennedy alleges that Mott verbalized a threat prior to prison officials placing Kennedy in the cell. Settles and Schlosser both deny that Mott threatened Kennedy. After investigating the incident, Foster (based on Kennedy's statements) characterized the incident as originating over property. All of the involved officers denied pre-existing knowledge of any threat toward Kennedy by Mott or any other inmate. Accordingly, a jury must resolve Settles's knowledge of any potential threat to Kennedy's safety on September 6, 2009.[10]

---

[10] Kennedy states in reply: "Hence, Petitioner withdraw from any pre-trial further motions or requests." DE #93 (Reply). The Court does not construe Plaintiff's statement as a request to withdraw the currently pending motions but merely as a statement in support of a concurrently filed document entitled "Petitioner settlement offer in view of all known facts and to avoid cost of a trial and preserve court resources and public economical unnecessary drain." DE #95. In that document, Kennedy demands $20,000.00 to settle his remaining claim.

Kennedy's reply also requests a trial date and submission and adjudication of a concurrently filed witness list (DE #94). The Court reminds Kennedy that the Court previously imposed a schedule for claim resolution. *See* DE #81 (Order) at ¶ 2 (setting a pretrial discovery deadline of April 25, 2014 and a dispositive motions deadline of June 6, 2014). Additionally, the Court's scheduling order indicated that, after August 1, 2014, any party may file a motion requesting a pretrial conference or trial date. *Id.* As to Kennedy's witness list, the Court notes that, to the extent Kennedy seeks to compel one or more of the identified witnesses to appear at any trial, he must move for subpoenas pursuant to and in accordance with Federal Rule of Civil Procedure 45 and Local Rule 4.3.

Finally, Kennedy's reply generally criticizes Defendant's responses to Kennedy's requests for production of documents. To the extent Kennedy seeks to raise any dispute or

**IV.    Conclusion**

For the reasons discussed above, the Court **RECOMMENDS** the District Judge **CONVERT** Kennedy's motions for judgment on the pleadings to motions for summary judgment and **DENY** Kennedy's motions for summary judgment (DE ##76, 86).

\*   \*   \*   \*   \*

The Court directs the parties to 28 U.S.C. § 636(b)(1) for appeal rights concerning this recommendation, issued under subsection (B) of the statute. As defined by section 636(b)(1) and Rule 72(b), within fourteen days after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for de novo consideration by the District Court. The parties should consult the aforementioned statute and rule for specific appeal rights and mechanics.   Failure to object in accordance with Rule 72(b) normally waives a party's right to review. *See Thomas v. Arn*, 106 S. Ct. 466 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

This the 26th day of March, 2014.



Signed By:
*Robert E. Wier*  REW
United States Magistrate Judge

---

objection formally to the Court, he must do so via proper motion.